UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Benjamin J. Kinard, | ) C/A No. 6:10-00475-TLW-WMC |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| South Carolina Department of Corrections; Mr. Andrews, | ) **Report and Recommendation** |
| Defendants. | ) |

The Plaintiff, Benjamin J. Kinard (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Turbeville Correctional Institution (TCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC and a TCI correctional officer as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Pro Se and *In Forma Pauperis* Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

v. *Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

On the morning of February 10, 2010, Plaintiff received medication in the "pill line," which had to be placed in his dorm room. As a result, Plaintiff was late leaving for breakfast. Despite Plaintiff's explanation for his tardiness, Defendant Andrews, a correctional officer, refused to allow Plaintiff to report to the café for breakfast. Plaintiff informed Defendant Andrews that his refusal to allow Plaintiff to attend the meal would be reported to a sergeant. When Defendant Andrews unlocked the door to let other inmates enter, Plaintiff left the building.

Plaintiff claims Defendant Andrews then attacked him, using the door key as a weapon. Plaintiff states that his right arm hurt after the assault, "but [Plaintiff] kept going to report the officer." (Complaint, page 3). Plaintiff found Sergeant McCloud near the café and reported Defendant Andrews refusal to allow Plaintiff to attend breakfast. Plaintiff then returned to his dorm, where he discovered two scratches on his arm. Plaintiff became upset and began screaming that he needed medical attention. Plaintiff was subsequently released from his room for recreation and visited "medical," where a nurse cleaned and bandaged Plaintiff's arm.

Plaintiff states he saw the "Y.O.A. Warden and Captain" on the way to medical and reported the incident with Defendant Andrews. Plaintiff also reported both the altercation and Plaintiff's resulting mental health issues to a counselor. Plaintiff was subsequently told by Lt. Pack that Defendant Andrews had been removed from Plaintiff's dorm. Plaintiff seeks monetary damages for "mental and physical suffering" allegedly caused by Defendant Andrews' actions.

**Discussion**

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has named one Defendant, the South Carolina Department of Corrections (SCDC), which is protected from a suit brought pursuant to § 1983 by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities share this immunity when they are the alter egos of the

state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). As a state agency, SCDC is immune from suit in the instant § 1983 action and is, therefore, entitled to summary dismissal.[3]

Although Plaintiff's remaining Defendant, Mr. Andrews, is amenable to suit under § 1983, Plaintiff's case is subject to summary dismissal, for failure to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") requires a prisoner to properly exhaust available administrative remedies prior to filing an action brought pursuant to § 1983. 42 U.S.C.A. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84, (2006)*; Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir.2008). The exhaustion requirement is mandatory, *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir.2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In the instant case, Plaintiff's complaint clearly states that he has not filed an administrative grievance concerning the claims he is attempting to raise in this civil action. (Complaint, page 2). Additionally, Plaintiff admits that he reported Defendant Andrew's actions to at least four SCDC employees and provides no facts to indicate that he was in any way prevented from availing himself of the prison's grievance procedure. Finally, it is noted that the alleged assault by Defendant Andrews occurred on February 10, 2010. Thus, even

---

[3] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity).

had Plaintiff filed an administrative grievance, the SCDC grievance process would still be ongoing.[4]

Lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services*, 407 F.3d at 683. In the present action, it is readily apparent from the face of Plaintiff's complaint that he has not even attempted to utilize the administrative grievance process. Therefore, Plaintiff's action is subject to summary dismissal.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

March 15, 2010  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge

---

[4] From the filing of a Step 1 grievance, the SCDC grievance process may take up to one hundred and fourteen (114) days to complete.

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).